# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEIFVIN MALONE,

        Plaintiff,

        v.         Case No. 08-C-0570

TIM LUNDQUIST,
CINDY RITER,
and RICK RAEMISCH,

        Defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. # 56)

Plaintiff, Keifvin Malone, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2010, the court granted the defendants' motion for summary judgment, and judgment was entered the same day. On April 8, 2010, the plaintiff filed the pending motion for reconsideration.

Although, there is no motion for reconsideration under the Federal Rules of Civil Procedure, there are Rules 59(e) and 60(b), Fed. R. Civ. P. Whether a motion should be analyzed under Rule 59(e) or 60(b) depends on the substance of the request, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

The plaintiff bases his motion on an error of law or fact, a subject encompassed by Rule 59(e). Hence, his motion will be considered under Rule 59(e), as it was timely filed within twenty-eight days of entry of the judgment. Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence, an intervening change in the law, or a manifest error of law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) requires the movant to "clearly establish"

one of the these grounds for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present newly discovered evidence or cite any intervening change in the law. Rather, it argues that the court erred in granting summary judgment to the defendants. In dismissing this action, the court wrote, "Malone fails to identify any Caucasian inmates who received more favorable recommendations than he, yet were similarly situated to him in terms of conduct record and time remaining to serve." According to the motion, this was error, because "Malone was a low risk in the inmate risk assessment category of institution adjustment like all of the identified Caucasian inmates. From this view, Malone was similarly situated to all of the identified Caucasian inmates." (Plaintiff's Motion To Reconsider, Docket # 56 at 2). However, the summary judgment decision addressed and rejected this argument:

> Malone also maintains that he was a low risk in institutional adjustment despite his conduct reports. An inmate's institution adjustment risk rating is reduced to low risk five months after the inmate's release from disciplinary separation. (Risk Rating Instructions, Doc. # 35-2 at 24, 35). **Accordingly, Malone's computer-generated rating in this area was reduced to low risk on April 17, 2008, two weeks before his May 1, 2008, PRC hearing.** (Exhibit E to Malone Affidavit, Doc. # 48-2 at 11). **However, the Risk Rating Instructions also provide that the "PRC [may] rate an inmate as High Risk for multiple minor conduct reports or other aggravating factors** . . . that are not specifically defined

in this section. Basis for rating must be clearly stated . . . and should normally reflect behavior demonstrated in the period of time from last to current PRC review." (Doc. # 35-2 at 23). **The comments from Malone's PRC hearing on May 1, 2008, state that Malone's institution adjustment was "UNACCEPTABLE," noting his major conduct report for two violations on November 2, 2007, and that his "LAST 2 CR'S WERE IN 1/08 & 4/08."** (Exhibit F to Malone Affidavit, Doc. # 48-2 at 13). Thus, the PRC adequately explained the recommendation to continue monitoring Malone in maximum custody until his conduct improved.

Malone does not identify any Caucasian inmates **with a similar record of repeated and recent conduct reports** who obtained a reduction in custody classification.

(Court's Order of March 29, 2010, at 9-10) (emphasis added). Therefore,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Doc. # 56) is DENIED.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2010.

          BY THE COURT

          /s/ C. N. Clevert, Jr.
          C. N. CLEVERT, JR.
          CHIEF U. S. DISTRICT JUDGE